## The People v. B. F. Jones.

*Criminal law—Information for malicious threats—Character of threat
should be set forth.*

1. In an information for a violation of How. Stat. § 9093, the *character*
   of the threat complained of should be set forth, so that it may be
   seen whether or not a *substantial* threat was really made, and what
   it was,—whether any particular injury or any particular crime.
2. It is not the policy of the law to punish those unsuccessful threats
   which it is not presumed would terrify ordinary persons excessively;
   and there is so much opportunity for magnifying or misunderstand-
   ing undefined menaces that probably as much mischief would be
   caused by letting them be prosecuted as by refraining from it.[1]

Error to Shiawassee. (Newton, J.)    Argued June 23,
1886.  Decided July 1, 1886.

Information for malicious threats, etc.  Respondent was
convicted.  Reversed and prisoner discharged.  The facts
are stated in the opinion.

*G. R. Lyon*, for respondent.

*Moses Taggart*, Attorney General, for the People.

CAMPBELL, C. J.   Respondent was convicted under § 19'
c. 153, Rev. Stat. (being § 9093, How. Stat.), which provides
that if any person shall verbally, or by written or printed
communication, "maliciously threaten to accuse another of
any crime or offense," or "maliciously threaten any injury
to the person or property of another, with intent thereby to
extort money, or any pecuniary advantage whatever, or with
intent to compel the person so threatened to do any act
against his will," he shall be punished, etc.

The information contains but one count, which avers that
respondent, on January 19, 1886,—

"Did verbally and maliciously threaten to accuse one Ellen

---

[1] See *People v. Braman*, 30 Mich. 460; *People v. Brown*, 54 Id. 29;
*McElroy v. Swart*, 57 Id. 504.

Roosa of an offense, to wit, of the violation of the internal revenue laws of the United States of America, relating to the sale of spirituous and intoxicating liquors; and he, the said B. F. Jones, did then and there verbally and maliciously threaten injury to the person and property of the said Ellen Roosa, and that the said B. F. Jones did then and there verbally and maliciously threaten her, the said Ellen Roosa, to accuse her of such crime and offense as would cause her, the said Ellen Roosa, to be imprisoned in the State's prison at Jackson, in the State of Michigan,—all with the intent to extort money from her, the said Ellen Roosa, also certain pecuniary advantage, and with further intent of him, the said B. F. Jones, to compel her, the said Ellen Roosa, to do an act against her will, to wit, to make a sale and transfer of all her right, title and interest in and to certain personal property, goods, and chattels then owned and possessed by her, the said Ellen Roosa, in the city of Owosso, in the county and State aforesaid, to wit, a one-half interest in and to the business, furniture, fixtures, and articles used in carrying on the business of running a saloon located on Washington street," etc., " of the value of $700."

It will be observed that in this single count are included all of the possible violations of the section, with all of the possible intents, and all are connected together in a single charge.

It will also appear that no offense is specified, no threatened injury to person or property is specified, no averment is made of actual injury, or its nature, and the only distinct evil purposed, as described, is compelling Mrs. Roosa to sell out her interest in the saloon.

On the trial, objections of various kinds pointed out the defects, and the court refused to require the people to elect what grievance to prosecute. Several exceptions were taken, and we are also asked to set aside the whole proceedings for these defects.

These statutory provisions have been in force, in form or substance, for a long time. The object is to put threats of criminal accusation on a similar footing with threats of personal violence when made for extortion or similar objects. In cases of actual success in obtaining property, there were

some instances where pressure of threats to accuse of infamous crimes was held to create the same mischief as force, and to make out robbery. These cases were few and peculiar, and open to some doubt.

The nature of the mischief requires that the character of the threat should be set out, so that it may be seen whether or not a substantial threat was really made, and what it was, —whether any particular injury or any particular crime. It is undoubtedly true that vague threats are sometimes made; but, unless they indicate to the person threatened some charge which is intelligible, it has not been considered that a criminal offense is made out under the statute, while, if mischief actually follows, there are usually other legal methods which will bring the offender to justice.

It is not the policy of the law to punish those unsuccessful threats which it is not presumed would terrify ordinary persons excessively; and there is so much opportunity for magnifying or misunderstanding undefined menaces that probably as much mischief would be caused by letting them be prosecuted as by refraining from it.

The only case referred to where it has been supposed a threat need not be laid definitely is *Rex v. Tucker*, 1 Moody, 134; but in that case it was laid specifically in the indictment as having a definite meaning, and was shown by the testimony to have been rightfully interpreted. It is expressly noted by Mr. Harrison (1 Dig. 2005) that the right to have its meaning shown by proof is all the case decided, and it is so described in Car. Crim. Law, 288. The subject is treated at some length by Mr. Russell (2 Russ. Cr. 706 *et seq.*), and Archbold (Crim. Pl. 605 *et seq.*). There seems to be no authority for leaving out the particular offense or mischief covered by the threat, or deducible from it, and the intent must be stated specifically, and proved as laid: Id.; 2 East, P. C. 1118.

The statutes do not materially change the common law when the threat succeeds, except as they aggravate the character of the crime. It is questioned whether they have introduced anything further as to the nature of the mischief.

2 Russ. 706. In *Rex v. Southerton*, 6 East, 126, it was pointed out that at common law the offense on which the threat was made must be indictable; and that prosecutions under the revenue laws did not come within the principle.

We do not feel called on to consider whether the crimes and offenses, a threat to accuse of which is punishable, include any but such as are punishable by our own courts. This point was argued, and there are some considerations which favor the idea, as the United States laws punish some similar cases of extortion.    But, on the present information, no offense under the revenue laws is specified, and most of them are not indictable, and none coming within any possible meaning of the threat charged here is felonious.

Under this general and indefinite pleading, the jury found a general verdict, and, as no election was required, it is questionable whether the charge could have corrected the mischief had the counts been separate.    But in this count there are no definite allegations of the meaning of the threats, either of accusation or of personal injury.

We think the conviction cannot be sustained, and it must be quashed and the prisoner discharged.

The other Justices concurred.