## PEOPLE v. MATHEWS.

1. CRIMINAL LAW—RETURN OF EXAMINING MAGISTRATE—"JUDICIAL DETERMINATION"—TWO OFFENSES.

Where defendant was charged in the complaint and warrant with felonious assault "with intent to ravish and carnally know," followed by a statutory charge of assault, at the same time and place, with a dangerous weapon, without a specified intent, an offense springing out of the same transaction and covered by the same testimony, and the examining magistrate, after an examination of the whole matter, including taking testimony, came to the opinion that an offense not triable by a justice had been committed, and there was probable cause to believe the accused guilty thereof as charged, and so certified to the circuit court, he made a "judicial determination" adequate to confer jurisdiction and afford the basis for filing an information in said court, although his said return did not specify the offense committed.

2. SAME—INFORMATION—JOINDER OF COUNTS — DUPLICITY — ELECTION OF COUNTS.

An information containing two counts, charging two distinct crimes, where they were committed by the same acts, at the same time, and the same testimony must be relied on for conviction, *held*, not defective for duplicity, and election could not be required.

3. SAME.

The trial court was not in error in allowing the prosecutor to dismiss the second count and proceed upon the first.

4. SAME—EVIDENCE OF GOOD CHARACTER—INSTRUCTIONS.

Refusal by the trial court to give a requested instruction to the jury that defendant was "entitled to the benefit of good character even if they should find positive evidence tending to show commission of the crime," that it was "admissible not only in case where doubt exists, but may be offered for the purpose of creating a doubt," *held*, not error, where the charge as given was favorable to defendant, and in essentials fairly complied with the general rule upon good character testimony.

5. SAME.
    *Held*, that the charge as a whole properly submitted to the jury the principles of law applicable to the questions of fact submitted for their determination.

Exceptions before judgment from Muskegon; Vanderwerp, J.   Submitted June 12, 1919.   (Docket No. 94.)   Decided November 5, 1919.

Clifford Mathews was convicted of an assault with intent to commit rape.   Affirmed.

*Willard G. Turner, Jr.*, for appellant.

*Alex. J. Groesbeck*, Attorney General, *Christian A. Broek*, Prosecuting Attorney, and *Harry W. Jackson*, Assistant Prosecuting Attorney, for the people.

STEERE, J.   Respondent was arrested upon a complaint and warrant which charged him with the commission, on April 13, 1918, at the city of Muskegon, Michigan, of the crime of feloniously assaulting one Lena Christian, a female of the age of 31 years, with intent to ravish and carnally know her, and also with the crime of feloniously assaulting one Lena Christian on the day and year aforesaid, being armed with a dangerous weapon, to wit, a revolver, but without intending to inflict great bodily harm less than the crime of murder.   An examination was demanded and certain witnesses were sworn and examined, when further examination was waived by the respondent.   The foregoing is shown by the return of the justice, which contains also the following:

"And, whereas, it was made to appear to me, the said justice of the peace, that said offense was committed as charged in said complaint and warrant, and that there was probable cause to believe said accused person to have been guilty thereof," etc.

Respondent was ordered to recognize and, failing to

do so, was committed to the county jail to answer such information as might be filed against him for said offense. The information charges both offenses as in the complaint and warrant. The cause came on for trial at the April, 1918, term of the circuit court, whereupon counsel for respondent asked that he be permitted to withdraw his plea and stand mute and, this having been granted, moved to quash the information on two grounds, *first*, that it lacked "the required basis in the return of the justice," and, *second*, that the information is faulty because of duplicity. In reply the prosecuting attorney moved to dismiss the second count—the one charging an assault with a dangerous weapon — and elected to try the respondent upon the first count. The motion of respondent was overruled and the motion of the prosecuting attorney granted, and the cause proceeded to trial upon the first count of the information—the one charging assault with intent to commit the crime of rape. Respondent was convicted by the verdict of the jury, and a motion in arrest of judgment, based upon the ground that the information was void and was faulty because of duplicity, was denied. Respondent reviews the conviction on exceptions before sentence, and discusses errors assigned under the heads:

"*First.* Errors in refusing to quash the information on the ground that it was void for two reasons, lacking the required basis in the return of the justice, and being faulty because of duplicity.

"*Second.* Error in allowing the prosecution to elect upon which one of two separate and distinct charges respondent should be tried, after respondent had been bound over upon his examination for trial upon both crimes, without any specification as to what particular offense he was held for.

"*Third.* Errors in the instructions of the court to the jury, both in the charge made and in refusing to give requests to charge made by counsel for respondent, and

"*Fourth.* Error in overruling the motion of respondent's counsel in arrest of judgment."

The testimony of Lena Christian tends to prove that, after having been at her home in the evening of April 13th, respondent, in company with her husband, left the house and went away, returning again alone between 11 and 12 o'clock, when he assaulted her while she was in bed in her night clothing and had been asleep. The door was not locked and there was a light in the house. He said nothing to her and she got out of bed, but he pushed her back on the bed. He threw down the bed clothes and tried to get into bed with her. "He acted as though he was trying to have intercourse with me." During the assault he secured her husband's revolver, which was in a cupboard near the bed, and when she "fought back" he struck her on the head with it several times, inflicting wounds and cuts which bled freely. Of the assault she testified in part:

"He didn't say anything. He just came right over to me. And I rolled out of bed. And then he hit me. He reached for the revolver before he hit me on the side of the head. And I fell over onto the bed. He got into bed after me. It bled all over the pillows, as I showed you. And he hit me again with the revolver on the other side of my head. He didn't have any intercourse with me. He did not get on top of me. He did get into the bed with me. He hit me again. He did not put the revolver back. He went away."

This is a part of the cross-examination of Mrs. Christian. She further testified he did not stagger, but did seem to be drunk. After he left, the witness went with a towel around her head and blood running over her face to the club managed by her husband and made complaint. He took her home and at once sent for a physician, Dr. Foss, who testified that when called to attend her he found she had received

serious cuts and bruises on her head, a scalp wound just above the forehead over two inches long penetrating to the skull and another upon the side of the head almost penetrating her ear, and there were also other bruises upon her hands and limbs.

Ought the motion to quash to have been granted because the return of the justice did not specify the offense committed, there being two charged in the warrant? In *People* v. *Evans*, 72 Mich. 367, cited in respondent's brief, it appeared that the examining magistrate had not, at the time respondent pleaded in abatement to the information, made and certified a determination that any offense had been committed or that there was probable cause to believe the respondent guilty, but on the contrary had returned he did not believe the offense charged had been committed, or that the respondent was guilty, and he had bound him over for trial because of the intense public feeling against him on the subject. It was there said (p. 387) :

"The statute requires the justice, after 'an examination of the whole matter,' to come to an opinion as to whether or not an offense has been committed; and, if of opinion there has been, then as to whether there is probable cause to believe the accused guilty thereof, and thereupon to discharge or hold him to answer according to the conclusion reached; and it is only when the conclusion reached by the justice, after an examination of the whole matter, is that an offense has been committed, and that there is probable cause to believe the accused guilty thereof, and so certified to the circuit court, that an information may be filed. This conclusion or opinion of the justice is a judicial determination, and the basis of the right to proceed in the circuit court by filing information. *People* v. *Annis*, 13 Mich. 511; *People* v. *Turner*, 33 Mich. 363; *People* v. *Yaner*, 34 Mich. 286.

"In the present case, it appears at the time the information was filed in the circuit court, upon which the respondent was put upon his trial, no determina-

tion had been made by the justice, either that any offense had been committed, or that there was probable cause to believe the respondent guilty, and the prosecuting attorney had no authority to proceed in the circuit court by filing such information.   *   *   * The information was filed upon the return of the justice, as it then appeared.  We are not called upon to determine whether a new information might have been filed after the justice's further return was filed in the circuit court.  The court refused to quash the information then filed, and the case proceeded to trial thereunder.  The circuit court having no jurisdiction at the time of filing the information, it follows that a conviction thereunder cannot be sustained."

Neither is the case of *People* v. *Yaner,* 34 Mich. 286, cited and quoted in defendant's brief, of controlling application to the situation presented here.  In that case the respondent was arrested, examined and held for trial upon a complaint charging him with the crime of murder.  A motion was made to quash the information because the committing magistrate on application therefor refused to determine whether the facts proven on the examination "amounted to murder or 'manslaughter," the latter being a bailable offense of which respondent was subsequently convicted, holding that was "a question for a petit jury, and not one for the examining magistrate."  This court held such a return deprived respondent of a substantial right defined as follows:

"The magistrate in his special return affirmatively shows that he refused to determine 'whether the proof would amount to murder or manslaughter.'  Clearly, then, he did not determine from the evidence adduced upon the examination that the offense was murder, or that there was probable cause to believe the accused guilty of such an offense.  It thereupon became his duty to fix the amount of bail, as the offense, if any, was a bailable one, and admit the accused to bail, if sufficient bail was offered, and if no sufficient bail was offered, to specify upon the mittimus the amount for which bail should be required."

The scope of this decision is indicated in *People* v. *Brownell*, 38 Mich. 732, where it was held in a murder case that "there seems to be no defect in a commitment which describes the offense as it is charged," adding, however, that upon a question of bail "the real character of the charge and the degree must in some way appear, inasmuch as murder in the second degree is bailable by a justice." No such question of bail arose in the instant case. The charge did not involve a non-bailable offense. The magistrate found that it appeared to him "said offense was committed as charged in said complaint and warrant, and that there was probable cause to believe" respondent was guilty thereof, required him to enter into a recognizance to appear at the ensuing term of the circuit court to which he bound him over for trial, specified the amount of bail required, and made full return of said proceedings to the court in which he was held for trial in compliance with statutory requirements. The only claimed irregularity is use of the singular in finding "said offense was committed as charged." The major and first stated charge in the complaint and warrant is that of felonious assault "with intent to ravish and carnally know," followed by a statutory charge of assault, at the same time and place, with a dangerous weapon, without a specified intent—an assault minor in degree springing out of the same transaction and covered by the same testimony. When the magistrate, after "an examination of the whole matter," including taking of testimony, came to the opinion an offense not triable by a justice had been committed, and there was probable cause to believe the accused guilty thereof as charged in the complaint and warrant, with determination of bail required, and so certified to the circuit court, with the testimony taken before him, he had made and certified an opinion or "judicial determination" adequate to confer jurisdic-

tion and afford a basis for filing an information in that court.

Respondent certainly was not put upon trial for another or different offense than the one upon which he was arrested and examined before the committing magistrate. It was competent for the prosecuting attorney to put his information in such form as he thought might best enable him to try the offense charged on its merits, provided he did not proceed against respondent for a different transaction than that to which the preliminary examination related. *People* v. *Annis,* 13 Mich. 511. Of the testimony taken at such an examination this court said, by Justice GRAVES, in *People* v. *Turner,* 33 Mich. 363:

"It is to such evidence the prosecuting attorney is plainly referred in order to shape his information, and the same evidence which is to govern the court when directing a 'proper' information to be filed. All the regulations point to it as the evidence to discriminate the criminal act to be laid, and to disclose its class and character. Indeed, on this subject the law appears clear when the various provisions are examined and compared."

In *People* v. *Burwell,* 106 Mich. 28, respondent was charged in the complaint and warrant with both rape and incest. The magistrate in his return stated that it appeared the offense as charged had been committed and he found probable cause to believe respondent guilty thereof, without specifying either offense. The evidence taken upon the examination contained sufficient to warrant binding respondent over for trial upon a charge of rape. The information filed against him contained two counts separately charging each offense laid in the complaint and warrant. Respondent when arraigned in the circuit court refused to plead and by his counsel moved to quash the information because it contained inconsistent counts, which was overruled and the prosecutor required to elect, which

he did and the trial proceeded under the count for rape. In sustaining the ruling this court said:

"The transaction for which respondent was tried is identical with the transaction for which he was examined. The offense for which he was tried and convicted was set forth in the complaint and warrant. We think the case is ruled by *People* v. *Annis*, 13 Mich. 515, and *People* v. *Aikin*, 66 Mich. 460, and that no error was committed in refusing to quash the information."

In *People* v. *Warner*, 201 Mich. 547, where error was assigned on denial of defendant's motion to compel the prosecutor to elect between counts in his information, the reasons of the trial court on denial of a motion for retrial with cited authorities is quoted with approval and the following excerpt from *People* v. *Sweeney*, 55 Mich. 586, stated to have "been the rule in this State for many years":

"Election between counts cannot be required on the ground that distinct offenses are charged, where they are committed by the same acts, at the same time, and the same testimony must be relied on for conviction."

In the early case of *People* v. *McKinney*, 10 Mich. 54, it is stated there is "nothing technical" in the rule of election, and in its application the controlling consideration is not necessarily whether several different offenses in point of law are charged, but—

"whether the trial of these several offenses would involve the proof of substantially different transactions, and thereby tend to confuse the defendant in his defense, or deprive him of any substantial right. And therefore where the several offenses charged, though distinct in point of law, yet spring out of substantially the same transaction, or are so connected in their facts as to make substantially parts of the same transaction, or connected series of facts, the defendant cannot be prejudiced in his defense by the joinder, and the court will neither quash nor compel an election. Such would seem to be the principle of the general

rule to be deduced from the cases. See cases cited; 1 Chitty Crim. Law, pp. 253 and 254, and notes; Roscoe's Crim. Ev. pp. 231, 232, 233."

In the instant case the court did not quash the information and had no occasion to compel election, but permitted the prosecutor to elect, which in any event answered the rule so far as duplicity is concerned.

Prejudicial error is also urged upon refusal of the court to give defendant's following request:

"You are further instructed, as a matter of law, that the respondent is entitled to the benefit of proof of good character, even if the jury should find positive evidence tending to show commission of the crime. Evidence of good character is admissible not only in case where doubt exists, but may be offered for the purpose of creating a doubt."

In support of this contention counsel cite *People* v. *Jassino,* 100 Mich. 536, from which the last sentence in the above request is taken. The language was used in discussing the concluding and restricting statement upon the subject in a charge that "when there is positive proof of the commission of an offense, then good character cannot avail to overthrow that proof." Illustrative or argumentative language by the appellate court in discussing a question is not necessarily the language which should be adopted by the trial court in its charge to the jury. No such restriction as that criticized in the *Jassino Case* is found in the court's charge as to character in the instant case, which in its details was favorable to the accused and in essentials fairly complied with the general rule upon that subject. Not only was the charge replete with instructions that the jury should carefully and impartially take into consideration all circumstances and conditions shown by the evidence to have surrounded the occurrence and the parties themselves, but, more directly, the court said in part:

"There have been witnesses placed upon the stand here in behalf of the respondent to prove his good character. It is your duty, gentlemen, carefully to consider that testimony. A good character, a good reputation is one of the more valuable possessions that any person can have, and testimony concerning a good character may, in itself, be sufficient to raise a reasonable doubt in the minds of jurors as to guilt of the respondent of the specific act and offense which is charged against him and for which he is upon trial, so that you will give this testimony concerning his character careful consideration; you will weigh it and you will give it such weight and credit as you think it is entitled to and as you believe it ought to receive, and consider it in connection with the other testimony and the other evidence in the case."

The charge as a whole is noticeably full upon the duties of the jury and principles of law applicable to the questions of fact submitted for their determination. Plain and impartial instruction is given upon the presumption of innocence, burden of proof, reasonable doubt, the essential elements of the offense charged, and intent as applied to that offense, the minor offenses of assault and assault and battery as included in the greater charge, also submitted to the jury, etc.

We have examined the questions raised by various other assignments of error and are of opinion they do not demand discussion or serious consideration.

Finding no reversible error in the record, the conviction will stand affirmed and the case remanded for judgment.

BIRD, C. J., and MOORE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.

The late Justice OSTRANDER took no part in this decision.