PEOPLE *v.* EUGENE JOHNSON

1. SEARCHES AND SEIZURES—AUTOMOBILES—INSTRUMENTALITY OF CRIME.

   Search of an automobile and the seizure and admission into evidence of a knife found in it were proper where the car was an instrumentality of the crime and the search was reasonable.

2. WITNESSES—MENTAL RETARDATION—ADMISSIBILITY—DISCRETION.

   The trial court in a criminal case did not abuse its discretion in admitting the testimony of a mentally retarded witness and leaving its weight and credibility to the jury.

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 January 8, 1971, at Lansing. (Docket No. 9167.) Decided January 29, 1971. Leave to appeal denied May 7, 1971, 384 Mich 838.

Eugene B. Johnson was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Leonard B. Shulman,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur, Searches and Seizures § 18.
[2] 58 Am Jur, Witnesses §§ 118–124.

Before: Quinn, P. J., and Bronson and O'Hara,* JJ.

Per Curiam. January 31, 1969, a jury found defendant guilty of robbery armed[1] and he was sentenced therefor. His appeal questions the admission in evidence of a knife found in defendant's automobile following a search without a warrant. Defendant also asserts reversible error because the trial court denied his motion to strike the testimony of a witness on the basis of the latter's mental retardation.

September 17, 1968, a robbery at knife point occurred in Flint. The robber, armed with a knife, was seen entering an automobile which left the scene. From the description given of this automobile, the police located it parked in front of defendant's apartment building. The police arrested defendant in his apartment without a warrant and while one officer searched defendant, another searched his automobile, also without a warrant to do so. The knife in question was located by this search. Defendant made a pretrial motion to suppress which the trial court denied on the basis of Const 1963, art 1, § 11, and that the search was reasonable.

In view of *People v. Pennington* (1970), 383 Mich 611, the first ground relied on by the trial court for denying the motion to suppress was error. However, on authority of *People v. Danny Williams* (1969), 16 Mich App 557, *People v. Johnnie Mae Jones* (1968), 12 Mich App 369, and *People v. Tisi* (1970), 384 Mich 214, the trial court's finding that the search was reasonable is affirmed.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797).

In addition, the automobile was evidence of defendant's guilt and was an instrumentality of the crime. The search was reasonable under *People* v. *Cook* (1970), 24 Mich App 401.

With respect to the testimony that defendant moved to strike, the trial court heard this testimony in the absence of the jury before admitting it. The record supports defendant in his position that the witness is mentally retarded, but it will not support a finding by this Court that the trial court abused its discretion in admitting this testimony and leaving the weight and credibility thereof to the jury. *Mead* v. *Harris* (1894), 101 Mich 585.

Affirmed.