PEOPLE v MASSEY

1. CRIMINAL LAW—EVIDENCE—REBUTTAL EVIDENCE—DISCRETION.

Rebuttal evidence is evidence given by one party to contradict, repel, explain or disprove evidence produced by the other party and tending directly to weaken or impeach the same; the line between rebuttal evidence and that which should properly be given in chief before the prosecution rests is frequently more or less obscure, and whether evidence which could have been offered before resting may be given in rebuttal is a matter within the discretion of the trial court.

2. CRIMINAL LAW—EVIDENCE—REBUTTAL EVIDENCE—ABUSE OF DISCRETION—WITNESSES.

A court in a criminal case did not abuse its discretion in permitting as rebuttal, testimony which could have been presented by the prosecutor in his case in chief, where the defendant took the stand in his own behalf and contradicted evidence offered by the prosecution, and the rebuttal witness was not a surprise witness.

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J. Submitted June 5, 1975, at Detroit. (Docket No. 19408.) Decided August 11, 1975.

Jackson T. Massey was convicted of breaking and entering a building with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training, and Appeals, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 29 Am Jur 2d, Evidence §§ 250, 269.

*Charles Burke,* for defendant on appeal.

Before: DANHOF, P. J., and R. B. BURNS and R. M. MAHER, JJ.

R. B. BURNS, J. Defendant was convicted by a jury of breaking and entering a building with intent to commit larceny. MCLA 750.110; MSA 28.305. Defendant appeals and we affirm.

Defendant claims the trial court erred by permitting the prosecution to call an unindorsed res gestae witness in rebuttal to the defendant's testimony.

One Eddie Moffet was manager of the Mink and Martini Lounge. When he arrived at the lounge, about 7 p.m., he saw a light on in the office and a cash box on the bar. He contacted Officer Leonard Todd who arrested the defendant in the lounge.

The prosecution failed to indorse Moffet on the information. After the jury was selected but before it was sworn the prosecution moved to indorse Moffet, but the defense objected. The trial court sustained the defendant's objection.

The prosecutor called Simon Blum, the owner, as his first witness. He testified that he left the lounge at approximately 3 a.m. Sunday morning. All of the doors were locked and secured. When he returned Monday morning the door had been broken. He testified that he did not give anyone permission to enter the lounge.

Officer Todd was called as the next witness. He testified that he had been on traffic duty at a fire when he was approached by Eddie Moffet concerning the lounge. Todd went inside the lounge and searched the premises. He observed a cash box lying open on the counter top. As he approached the back rooms, he saw defendant come out of one of the rooms. Defendant had a pry bar in his hand

and was wearing gloves. The officer arrested defendant, told him his rights, handcuffed him and searched him. In defendant's pants pockets the officer found a butane lighter and a gold-plated Eisenhower silver dollar which were later identified as belonging to the establishment.

After the people rested their case the defendant took the stand in his own behalf. He testified that on the day in question he had been watching the fire and decided to go and have a drink. He went to the Mink and Martini Lounge and opened the side door which was not locked. A police officer who was standing inside of the lounge pointed a gun at the defendant and asked, "What are you doing?" Defendant said he was going to buy a drink, whereupon the policeman arrested him. He testified that the crowbar, cigarette lighter and Eisenhower dollar which had been introduced into evidence had never been in his possession.

After the defense rested its case, the prosecution called Eddie Moffet for rebuttal. The defendant objected to Moffet testifying.

The trial judge overruled the objection, and stated:

"Now the testimony in this trial has framed itself around certain issues, namely, how the defendant was apprehended in the bar. He denies that he was apprehended in the way the police officer said he was. He denies that certain objects were found upon his possession which Mr. Moffet at the time, as a result of a conversation made in his presence pointed out to the police officer that they belonged to the bar. All of these are framed factual issues in which Mr. Moffet is entitled to testify as a rebuttal witness and your objection is, therefore, overruled."

The Michigan Supreme Court in *People v De-*

*Lano,* 318 Mich 557, 570; 28 NW2d 909, 914 (1947), stated:

"In *People v Utter,* 217 Mich 74, 83 [185 NW 830, 833–834(1921)], we said:

'Rebuttal evidence is broadly defined as that given by one party to contradict, repel, explain or disprove evidence produced by the other party and tending directly to weaken or impeach the same. In practical application the line of demarcation between rebuttal evidence and that which should properly be given in chief before the prosecution rests is frequently more or less obscure, and it is a general rule that whether evidence which could have been offered before resting may be given in rebuttal is a matter within the discretion of the trial court.' "

In the present case, the record shows that the defense knew of Eddie Moffet long before trial. He was not a surprise witness. By mistake, his name was not indorsed upon the information. He was not allowed to testify because of the objection of the defendant.

However, the defendant took the stand on his own behalf and denied that he had been arrested in the manner previously testified to by Officer Todd or that the incriminating evidence was found on his person.

The people had the right to contradict, disprove and impeach defendant's testimony. *People v Jamison,* 49 Mich App 123; 211 NW2d 555 (1973).

The decision to permit as rebuttal testimony, testimony which could have been presented by the prosecutor in his case in chief, is within the sound discretion of the trial judge. *People v DeLano, supra.*

Affirmed.