PEOPLE v ATCHER

1. Criminal Law—Prosecutors—Closing Arguments—Improper
   Remarks—Preserving Question—Prejudice—Miscarriage of
   Justice.

   The absence of objection generally precludes appellate review of
   allegedly improper remarks made by a prosecutor to a jury in
   closing argument unless failure to consider the issue would
   result in a miscarriage of justice or unless the prejudicial effect
   of the remarks could not have been eliminated by a prompt
   objection and curative instruction; the remarks are read as a
   whole when the court attempts to evaluate any potential
   prejudicial effect.

2. Criminal Law—Right to Counsel—Effective Counsel—Compe-
   tence—Supportive Facts—Substantive Issues.

   A defendant's appellate argument that he was denied effective
   assistance of counsel in that defense counsel was incompetent
   and failed to present a coherent credible defense theory is
   without merit where he fails to adduce any supportive facts
   and trial counsel's defense theory emphasized virtually the
   same substantive issues as those argued by appellate counsel.

3. Extortion—Threats—Jury—Supporting Evidence—Interpreta-
   tion of Words—Intent.

   A threat with intent to compel a person to do any act against his
   will must be intelligible to be considered a criminal offense, but
   where a jury is presented with the words spoken and the
   context in which they were spoken, there is sufficient evidence
   to support a finding of guilt should the jury so decide, even
   though the words might possibly be construed otherwise than
   as a threat; intent is a question to be decided by the jury from
   the facts before them.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 545.
[2] 21 Am Jur 2d, Criminal Law §§ 315, 321.
[3, 4] 31 Am Jur 2d, Extortion § 14.
[5] 41 Am Jur 2d, Indictments and Informations §§ 56, 60.
[6] 81 Am Jur 2d, Witnesses § 69 et seq.

4. Extortion—Threats—Witnesses—Testimony—Statutes.

The language of the extortion statute which proscribes threats made with intent to compel the person so threatened to do or refrain from doing any act against his will includes a threat made to a witness in a criminal prosecution to prevent her from testifying (MCLA 750.213).

5. Witnesses—Criminal Law—Unindorsed Res Gestae Witnesses—Rebuttal—Timely Objection—Nature of Testimony—Prejudice—Harmless Error.

It is not reversible error to permit the prosecution to call an unindorsed res gestae witness on rebuttal even where the defense timely objects and the rebuttal nature of the testimony is unclear where there is no prejudice to the defendant.

6. Witnesses—Competence—Courts—Discretion—Abuse of Discretion—Appeal and Error.

The determination of the competence of a witness is a matter within the sound discretion of a trial court, and where no abuse of discretion is shown that determination will not be disturbed on appeal.

Appeal from Berrien, Chester J. Burns, J. Submitted October 16, 1975, at Grand Rapids. (Docket No. 15264.) Decided December 3, 1975.

John S. Atcher, Jr., was convicted of extortion. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Ronald Taylor,* Prosecuting Attorney, for the people.

*James R. Neuhard,* State Appellate Defender, for defendant.

Before: Allen, P. J., and Danhof and M. F. Cavanagh, JJ.

M. F. Cavanagh, J. Defendant was convicted by a jury of extortion for threatening a witness,

MCLA 750.213; MSA 28.410. He was sentenced to 5 to 20 years in prison and appeals of right.

The victim of the extortion was Lois Martin, a 17-year-old girl, who was in the courthouse to testify as a witness in an assault and battery prosecution involving neither defendant Atcher nor his codefendant Fleming. While she sat waiting outside the courtroom, Fleming approached her and asked her whether she was going to testify against Charles Williams, the defendant in the assault and battery prosecution. Fleming then stated, "Somebody needs to beat your butt", and left. Defendant then approached her and, after questioning her whether she was going to testify against Charles Williams, stated, "Somebody needs to beat your butt; you ain't going to stay in this courthouse forever", and left. Fleming and defendant later approached her together and Fleming asked her whether she was still going to testify against Williams.

On appeal defendant raises essentially six issues.

## I

Defendant first argues that he was denied a fair trial by the prosecutor's remarks to the jury. In closing argument the prosecutor discoursed on how the "system of justice" itself was at stake in this case. In so doing, defendant argues, the prosecutor improperly injected matters extraneous to the issue before the jury and made dire predictions as to the consequences of an acquittal. *People v Farrar,* 36 Mich App 294; 193 NW2d 363 (1971). Furthermore, defendant argues, certain other remarks inflamed racial fears.

No objection to these remarks was made at trial. The absence of objection generally precludes appel-

late review unless failure to consider the issue would result in a miscarriage of justice, *People v Pacely,* 51 Mich App 67; 214 NW2d 561 (1974), or unless the prejudicial effect of the remarks could not have been eliminated by a prompt objection and curative instruction, *People v McLendon,* 51 Mich App 543; 215 NW2d 742 (1974). Furthermore, the prosecutor's closing remarks are read as a whole when the Court attempts to evaluate any potential prejudicial effect. *People v Spaulding,* 42 Mich App 492; 202 NW2d 450 (1972), *lv den,* 388 Mich 809 (1972).

When reviewed under these standards, the remarks complained of do not require reversal. The prosecutor was not calling upon the jury to support the system of justice by convicting the defendant. *Cf. People v Farrar, supra.* He was emphasizing the seriousness of the offense, despite that it had been committed in connection with a misdemeanor assault and battery trial, and the seriousness of refusing to convict if they believed that the defendants did threaten or intimidate the witness. Nor did the prosecutor inject or appeal to the issue of race to inflame the fears or prejudices of the jury. The element of race was adverted to no greater extent than the facts of the case warranted.

## II

Next, defendant claims that he was denied effective assistance of counsel in that defense counsel was incompetent. *Beasley v United States,* 491 F2d 687 (CA 6, 1974). Defendant's argument is without merit in that he fails to adduce any supportive facts. Defendant argues that trial counsel failed to present a coherent, credible defense theory. Trial counsel's defense theory, however, emphasized vir-

tually the same substantive issues as those now argued by appellate counsel: that Lois Martin was an unreliable witness and that any statements made by defendants were not threats.

## III

It is further urged that there was insufficient evidence of either an intelligible, substantial threat or an intent to coerce Lois Martin to do an act against her will. This contention is without merit. The threat must be intelligible to be considered a criminal offense. *People v Jones,* 62 Mich 304; 28 NW 839 (1886). The jury was presented with the words spoken and the context in which they were spoken. Although the words might possibly be construed otherwise than as a threat, there was sufficient evidence to support the finding of the jury. *People v Percin,* 330 Mich 94; 47 NW2d 29 (1951). As to whether the necessary intent was shown was a question to be decided by the jury from the facts before them. *People v Percin, supra.*

## IV

Defendant also attacks the statute under which he was convicted arguing its inapplicability or, in the alternative, its violation of the title-object clause, Const 1963, art 4, § 24, and its unconstitutionality. The statute proscribes threats made "with intent to compel the person so threatened to do or refrain from doing any act against his will", MCLA 750.213; MSA 28.410. Although the statute also proscribes threats made "with intent thereby to extort money", MCLA 750.213; MSA 28.410, and generally is invoked in prosecutions involving the extortion of money, the language of the statute includes the conduct prosecuted in this case. The

argument that the statute violates the title-object clause, Const 1963, art 4, § 24, is frivolous. The words objected to by defendant are not the title of the act but rather the catch line heading of the section. *People v Ferguson,* 46 Mich App 331; 208 NW2d 647 (1973).

## V

The fifth claimed error is that the trial court allowed the prosecutor to call on rebuttal an unindorsed res gestae witness whose testimony was not proper rebuttal but rather should have been presented in the prosecutor's case in chief. *People v Quick,* 58 Mich 321; 25 NW 302 (1885), *People v Bennett,* 393 Mich 445; 224 NW2d 840 (1975), also, *People v Kennedy,* 267 Mich 430; 255 NW 405 (1934).

Permitting the prosecution to call an unindorsed res gestae witness on rebuttal does not in every case constitute reversible error, even where the defense timely objects and the rebuttal nature of the testimony is unclear. See *People v Massey,* 63 Mich App 142; 234 NW2d 432 (1975). The presence or absence of objection is a factor in the review of such claimed error. See *People v Bauman,* 332 Mich 198; 50 NW2d 757 (1952). *Cf. People v McGillen #1,* 392 Mich 251; 220 NW2d 677 (1974), *People v Bennett, supra, People v Kennedy, supra.* Here the defense did not object and the trial court gave a limiting instruction. Furthermore, the witness's testimony concerned codefendant Fleming and was not prejudicial to defendant.

## VI

Lastly, it is claimed that the trial court abused its discretion when it concluded that Lois Martin

was competent to testify. At trial defense counsel objected to Martin's testimony on the basis of her incompetency. The trial court examined her and concluded that she was competent. On appeal this Court remanded to the trial court for an evidentiary hearing on Martin's competency. At the hearing both prosecution and defense presented expert witnesses.

The determination of the competency of a witness is a matter within the sound discretion of the trial court. *Mead v Harris,* 101 Mich 585; 60 NW 284 (1894), *People v Johnson,* 30 Mich App 284; 186 NW2d 94 (1971), *lv den* 384 Mich 838 (1971). Upon reviewing the record, we find no abuse of discretion by the trial court.

Affirmed.