PEOPLE v KRIST

Docket No. 78-1910. Submitted November 19, 1979, at Detroit.—Decided June 2, 1980. Leave to appeal denied, 409 Mich 936.

> Larry J. Krist was convicted of extortion in St. Clair Circuit Court, Halford I. Streeter, J., and sentenced to 10 to 20 years imprisonment. Defendant appeals, alleging that he is, at most, guilty of unarmed robbery and that the evidence is insufficient to sustain his conviction for extortion. *Held:*
>
> 1. The elements of statutory extortion are as follows: (1) a communication; (2) threatening accusation of any crime or offense or any injury to the person or property or mother, father, husband, wife, or child of another; (3) with intent thereby to extort money or pecuniary advantage as to compel the person so threatened to do or refrain from doing an act against his will.
>
> 2. Robbery may be accomplished in either of two ways: (1) by force or violence to the person; or (2) by putting someone in fear of immediate injury.
>
> 3. Unarmed robbery requires a taking from the person or in the presence of the person.
>
> 4. The evidence is insufficient to sustain the defendant's conviction of extortion. The facts developed are proof of unarmed robbery, not extortion.
>
> Reversed and the defendant discharged.

1. EXTORTION — ELEMENTS.

> The elements of statutory extortion are as follows: (1) a communication; (2) threatening accusation of any crime or offense or any injury to the person or property or mother, father, husband, wife, or child of another; (3) with intent thereby to extort money or pecuniary advantage as to compel the person so threatened to do or refrain from doing an act against his will.

REFERENCES FOR POINTS IN HEADNOTES

[1] 31 Am Jur 2d, Extortion, Blackmail, and Threats §§ 1, 2, 8-11.

[2] 67 Am Jur 2d, Robbery § 10 *et seq.*

[3] 67 Am Jur 2d, Robbery §§ 11, 12.

2. ROBBERY — ELEMENTS.
> Robbery may be accomplished in either of two ways: (1) by force or violence to the person; or (2) by putting someone in fear of immediate injury (MCL 750.530; MSA 28.798).

3. ROBBERY — UNARMED ROBBERY — REQUIREMENTS.
> Unarmed robbery requires a taking from the person or in the presence of the person (MCL 750.530; MSA 28.798).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter E. Deegan,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

*Peter J. Van Hoek,* Assistant Appellate Defender, for defendant on appeal.

Before: ALLEN, P.J., and M. J. KELLY and N. J. LAMBROS,* JJ.

N. J. LAMBROS, J. Following a jury trial, defendant was convicted of extortion, MCL 750.213; MSA 28.410, and sentenced to a term of 10 to 20 years imprisonment. Defendant appeals as of right.

On June 28, 1977, the defendant entered a gas station in St. Clair County and asked one of the attendants if he could charge some gasoline. The defendant represented to the gas station attendant, 16-year-old Mark Hartner, that he had a charge account at the station. After Hartner checked the records and informed the defendant that he could not charge the gasoline, defendant became indignant and ordered Hartner to put gas in the car or he was going to "kick his ass". With that, the attendant filled defendant's gas tank. Hartner noticed that the defendant had been drinking and could see a wine bottle in the front

---

* Circuit judge, sitting on the Court of Appeals by assignment.

seat of the defendant's car. While Hartner was filling defendant's tank with gas, defendant looked in Hartner's shirt pocket and asked for a cigarette. Although there was money in Hartner's pockets, the defendant stated that he only wanted a cigarette. Hartner and the defendant went inside the gas station to get a cigarette.

Once inside, defendant told Hartner to give him two packages of cigarettes from the cigarette machine. Hartner took some change from the till, purchased the cigarettes and gave them to the defendant. Defendant was dissatisfied with the brand of cigarette, so he slapped Hartner in the face and ordered him to get another brand. Hartner bought two more packages of cigarettes for the defendant.

After this incident, Hartner filled out a charge slip for the gas and cigarettes. Defendant told Hartner that his name was "Gypsy Saveeny". Hartner wrote the name on the slip and left it on the counter. The defendant remained at the station and continued to harass Hartner and his 14-year-old friend. He told the boys that he had a gun and ordered them about when customers appeared. The boys testified that they did not see a weapon. After the defendant had been at the station for approximately one hour, the owner, Don Greenia, returned. Defendant then got in his car and drove away. He was apprehended shortly thereafter. The arresting officer searched the car and seized a bottle of wine and a package of cigarettes, which were ultimately admitted into evidence. No weapon was found on defendant's person or in the car. Defendant was taken to the police station and charged with unarmed robbery. On the following day, the prosecutor raised the charge to extortion.

Defendant contends on appeal that he is, at

most, guilty of unarmed robbery and that the evidence is insufficient to sustain his conviction for extortion. The testimony adduced at trial supports this theory.

The unarmed robbery statute, MCL 750.530; MSA 28.798, provides that,

"Any person who shall, by force and violence, or by assault or putting in fear, feloniously rob, steal and take from the person of another * * * any money or other property * * * not being armed * * * shall be guilty of a felony, punishable by * * * not more than 15 years."

On the other hand, the extortion statute, MCL 750.213; MSA 28.410, provides as follows:

"Any person who shall, either orally or by a written or printed communication, maliciously threaten to accuse another of any crime or offense, or shall orally or by any written or printed communication maliciously threaten any injury to the person or property or mother, father, husband, wife or child of another with intent thereby to extort money or any pecuniary advantage whatever, or with intent to compel the person so threatened to do or refrain from doing any act against his will, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 20 years or by a fine of not more than 10,000 dollars."

In *People v Kruper,* 340 Mich 114, 120; 64 NW2d 629 (1954), the Michigan Supreme Court discussed the respective statutes and distinguished them from one another:

"The primary distinction between the offense of robbery and extortion is that in robbery the taking must be without the consent of the party robbed, while in extortion the taking is with consent."

This is at best a distinction without a difference, for both offenses equally demand that the defendant's threats induced the victim to give up his property, something which he would not otherwise have done:

"(T)he willingness to surrender the property in any case is only an apparent willingness since in both instances the victim must choose between alternative evils, namely the surrender of his property or the execution of the threat." Comment, *A Rationale of the Law of Aggravated Theft,* 54 Colum L Rev, 84, 85-86 (1954).

See also LaFave & Scott, Criminal Law, Ch 8, § 95, p 707.

The illusory nature of the *Kruper* distinction is made clearer when the very language of the extortion statute is closely examined. The applicable Michigan statute, MCL 750.213; MSA 28.410, requires that the threat be made "to compel the person so threatened to do or refrain from doing any act *against his will".* The phrase "against his will", as used in the context of the extortion statute, is defined in CJI 21:1:04 as follows:

"A person does an act or refrains from doing an act against his will when, with apparent willingness, he does the act with the understanding that thereby he will be saved from some personal injury to himself or a member of his immediate family or saved from personal disgrace, doing such act as the lesser of two unpleasant alternatives, notwithstanding the fact that he may mentally protest against the circumstances which compel the choice."

It must be concluded that the distinction made in *Kruper, supra,* is not helpful to the trier of fact in determining whether an extortion, or an un-

armed robbery, has been committed. We therefore review the common law origins and statutory history of the two crimes in our search for a more tangible differentiation.

At common law, extortion was the unlawful taking by a public officer, under color of his office, of any money or thing of value that was not due to him, or more than was due, or before it was due. Hawkins, Pleas of the Crown, 418 (1787), *Commonwealth v Bagley,* 24 Mass (7 Pick) 279 (1828). Common law extortion was punishable as a misdemeanor.

Robbery, on the other hand, was a capital felony. Its difference from common law extortion has been described by modern commentators as follows:

"To obtain another's property by means of a threat of immediate bodily harm to the victim (or someone in his company) is robbery; and robbery is held to embrace also a threat to destroy the victim's home or a threat to accuse him of sodomy. That was, however, as far as robbery by threats went—doubtless because the severe penalty for robbery, long a capital offense, restrained the courts from expanding robbery to include the acquisition of property by means of other effective threats— such as a threat to inflict future rather than immediate bodily harm, or to destroy the victim's property other than his house, or to accuse him of some crime other than sodomy, or to expose his failings or secrets or otherwise to damage his good name or business reputation. To fill this vacuum practically all states have enacted statutes creating what is in effect a new crime * * * called statutory extortion." LaFave & Scott, *supra,* 704-705.

See also, Comment, *Criminal Law—A Study of Statutory Blackmail and Extortion in the Several States,* 44 Mich L Rev 461, 466 (1945), and *Law of Aggravated Theft, supra.*

The underlying purpose of statutory extortion, to plug loopholes in the common law crime of robbery, is reflected in the scope of the present-day statutes. In Michigan, unarmed robbery is given a specific ambit. Robbery may be accomplished in either of two ways: a) by force or violence to the person, or b) by putting him in fear of immediate injury. MCL 750.530; MSA 28.798, *Saks v St Paul Mercury Indemnity Co,* 308 Mich 719; 14 NW2d 547 (1944), CJI 18:3:01(3). See also 2 Wharton's Criminal Law and Procedure 507 (1957).

Unarmed robbery further requires a taking from the person or in the presence of the person. MCL 750.530; MSA 28.798.

Statutory extortion, on the other hand, does not require either of the above elements. See Perkins, Criminal Law, 372 (2d ed) (1969), Model Penal Code (Proposed Official Draft, 1962), §§ 222.1 and 223.4. Its elements are three-fold: 1) a communication, 2) threatening accusation of any crime or offense or any injury to the person or property or mother, father, husband, wife, or child of another, 3) with intent thereby to extort money or pecuniary advantage as to compel the person so threatened to do or refrain from doing an act against his will. *People v Percin,* 330 Mich 94; 47 NW2d 29 (1951), *People v Whittemore,* 102 Mich 519; 61 NW 13 (1894).

Thus, although the two crimes are closely related and do overlap in several respects, unarmed robbery in Michigan encompasses a narrower set of circumstances. Larceny by fear of immediate bodily harm or violence to the person will be prosecuted as robbery; the unlawful obtaining of property by threats of a different nature, *i.e.,* threats of future harm, will ordinarily constitute a different offense such as extortion. The case law of

Michigan supports this distinction. Prosecutions for statutory extortion have generally been characterized by threats of future harm if the victim does not comply with the extortionist's wishes. See *People v Percin, supra, People v Garcia,* 81 Mich App 260; 265 NW2d 115 (1978), *People v Jones,* 75 Mich App 261; 254 NW2d 863 (1977), *People v Atcher,* 65 Mich App 734; 238 NW2d 389 (1975), and *People v Curry,* 58 Mich App 212; 227 NW2d 254 (1975). The victims in those cases were not confronted with the threat of immediate harm; the threatened injury was delayed, usually for hours or days, pending the victim's failure to act upon the extortionist's demands.

Applying the above analysis to the instant case, we find that the defendant's actions fall within that conduct proscribed by the unarmed robbery statute, not the extortion statute. Defendant told the attendant, Hartner, that he would "kick his ass" if he did not put gas in the car. The defendant then gave Hartner a slap on the face and told him that he had a gun and that he hoped he didn't have to use it. It is clear from this testimony that defendant's alleged threats were threats of immediate physical injury. Had he in fact beaten Hartner, it would have been there in the gas station, not at any other time. Similarly, had the defendant in fact had a gun and used it, it would have been there in the gas station, not later. Moreover, property was actually taken in the presence of Hartner. These facts are proof of unarmed robbery, not extortion. At no time was any threat made of future physical harm or such threats that would remove this case from the purview of the robbery statute.

Accordingly, we conclude that the evidence is insufficient to sustain the defendant's conviction for extortion.

We have considered the defendant's remaining allegations of error and find them without merit. For reasons set forth in *People v McCurtis,* 84 Mich App 460, 463; 269 NW2d 641 (1978), the case must be reversed and the defendant discharged.

Reversed.