PEOPLE v FOBB

Docket No. 79008. Submitted March 7, 1985, at Lansing.—Decided
   September 17, 1985. Leave to appeal denied, 424 Mich ___.

Callie Fobb was convicted of extortion and of assault with intent
   to do great bodily harm less than murder, Oakland Circuit
   Court, John N. O'Brien, J. Defendant appealed, alleging that
   there was insufficient evidence to convict her of extortion or, in
   the alternative, conviction of both crimes constituted double
   jeopardy. Defendant had attacked the victim and, during the
   attack, forced the victim to draft and sign a note promising not
   to spread lies about the defendant. *Held:*

   1. A conviction of extortion may be supported not only by
   threats of future harm, but also by threats of imminent injury
   or of continuation of injury presently being inflicted. No ill will
   is required, merely the wilful doing of an act with an illegal
   intent.

   2. No double jeopardy question arises, because the offenses
   are different, sharing no common elements.

   3. While the defendant obtained the note against the victim's
   will by the use of threats of injury, the act of writing the note
   was minor with no serious consequences to the victim. It was
   not used to obtain any pecuniary advantage. The principal
   purpose of adding the count of extortion was to enhance
   defendant's sentence. Therefore, the extortion conviction and
   sentence must be reversed.

   Affirmed in part, reversed in part.

1. EXTORTION — ELEMENTS OF EXTORTION — CRIMINAL LAW.

   The elements of extortion are (1) an oral or written communica-
   tion maliciously encompassing a threat, (2) which threat is to
   accuse the person threatened of a crime, to injure the person or

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4] Am Jur 2d, Extortion, Blackmail, and Threats §§ 8-13.
   See the annotations in the ALR3d/4th Quick Index under Extor-
   tion.

[3] Am Jur 2d, Criminal Law §§ 266 *et seq.*
   See the annotations in the ALR3d/4th Quick Index under Former
   Jeopardy; Lesser Offenses; Similar Acts or Facts.

[4] Am Jur 2d, Statutes § 145.

property of the person threatened, or to injure the mother, father, husband, wife or child of the person threatened, and (3) an intention to extort money, obtain a pecuniary advantage, or compel the person threatened to do, or refrain from doing, something against his will (MCL 750.213; MSA 28.410).

2. EXTORTION — MALICE — CRIMINAL LAW.

The element of malice in the crime of extortion does not require a feeling of ill will toward the person threatened, but is satisfied by the wilful doing of an act with an illegal intent (MCL 750.213; MSA 28.410).

3. CRIMINAL LAW — DOUBLE JEOPARDY — LESSER INCLUDED OFFENSES.

A defendant may not be punished both for an offense and for a lesser included offense as a result of the same criminal transaction.

4. EXTORTION — MINOR THREATS — SENTENCE ENHANCEMENT — CRIMINAL LAW.

The Legislature did not intend, in providing for punishment for extortion, to punish for every minor threat; therefore, a defendant should not have been convicted of extortion for an act in which she obtained no pecuniary advantage, where the act demanded of the victim was of such small consequence or seriousness that the extortion statute should not apply, and where the charge of extortion was added to a count for assault largely for the purpose of sentence enhancement (MCL 750.213; MSA 28.410).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Margaret G. Horenstein,* Assistant Prosecuting Attorney, for the people.

*Cecil D. St. Pierre, Jr.,* for defendant on appeal.

Before: ALLEN, P.J., and GRIBBS and T. GILLESPIE,* JJ.

PER CURIAM. On April 17, 1984, defendant was convicted by a jury of extortion, MCL 750.213; MSA 28.410, and of assault with intent to do great

---

* Circuit judge, sitting on the Court of Appeals by assignment.

bodily harm less than murder, MCL 750.84; MSA 28.279. She was sentenced to from 3 to 20 years' imprisonment on the extortion conviction and to from 3 to 10 years' imprisonment on the assault conviction, both sentences to run concurrently. She now appeals as of right, claiming that there was insufficient evidence to convict her of extortion and, if there was sufficient evidence, the convictions for both extortion and assault with intent to commit great bodily harm less than murder constituted double jeopardy. We reverse defendant's extortion conviction and affirm her assault conviction.

On November 17, 1983, defendant telephoned Trudy Hallisy, the property manager for Charles Lane Apartments in Pontiac, and complained bitterly that Hallisy had been spreading lies about defendant. Ms. Hallisy hung up on defendant and defendant telephoned a second time, this time asserting that defendant was going to sue Ms. Hallisy for $21,000. Again Hallisy hung up. Thereafter, Hallisy locked the office door and went to the rest room area in the office to dry her hair which was still wet from a recent haircut. As she was doing so, she heard the front door crack and break open. Ms. Hallisy then found herself being charged by defendant. Defendant attacked Hallisy first by choking her and then by beating her with Hallisy's hairdryer. During this attack, defendant ordered Hallisy to draft and sign a note stating that Hallisy had reported lies about defendant. Hallisy complied with defendant's directions because of the beating she was receiving from defendant.

The evidence in this case fully supports the conviction for assault with intent to do great bodily harm less than murder and that conviction is affirmed.

The defendant was also convicted of extortion pursuant to MCL 750.213; MSA 28.410, which reads as follows:

"Any person who shall, either orally or by a written or printed communication, maliciously threaten to accuse another of any crime or offense, or shall orally or by any written or printed communication maliciously threaten any injury to the person or property or mother, father, husband, wife or child of another with intent thereby to extort money or any pecuniary advantage whatever, or with intent to compel the person so threatened to do or refrain from doing any act against his will, shall be guilty of a felony, punishable by imprisonment in the state prison not more than twenty years or by a fine of not more than ten thousand dollars."

This Court decided the case of *People v Krist,* 97 Mich App 669; 296 NW2d 139 (1980), *lv den* 409 Mich 936 (1980). The factual situation therein was similar to that in this case. The Court analyzed the extortion statute quoted above and concluded that the crime of extortion as defined in that statute contemplates only threats of *future* harm and does not apply to present harm being inflicted.
The Court said at 676:

"Prosecutions for statutory extortion have generally been characterized by threats of future harm if the victim does not comply with the extortionist's wishes. See *People v Percin, supra* [330 Mich 94; 47 NW2d 29 (1951)], *People v Garcia,* 81 Mich App 260; 265 NW2d 115 (1978), *People v Jones,* 75 Mich App 261; 254 NW2d 863 (1977), *People v Atcher,* 65 Mich App 734; 238 NW2d 389 (1975), and *People v Curry,* 58 Mich App 212; 227 NW2d 254 (1975). The victims in those cases were not confronted with the threat of immediate harm; the threatened injury was delayed, usually for hours or days, pending the victim's failure to act upon the extortionist's demands."

Based on the fact that the defendant in *Krist* was *presently* assaulting, harassing and threatening the complainant, the Court found that the crime would not lie under the extortion statute. We would disagree with that analysis. We do not, after study of the cases cited, believe that those cases support the proposition that only threats of future harm are envisioned by the statute. We believe that threats of imminent injury or of continuation of injury presently being inflicted will support a conviction for extortion. We perceive the elements of the extortion statute, MCL 750.213; MSA 28.410, to be as follows:

1. An oral or written communication maliciously encompassing a threat.

2. The threat must be to:

a. Accuse the person threatened of a crime or offense, the truth of such accusation being immaterial; *or*

b. Injure the person or property of the person threatened; *or*

c. Injure the mother, father, husband, wife or child of the person threatened.

3. The threat must be:

a. With intent to extort money or to obtain a pecuniary advantage to the threatener; *or*

b. To compel the person threatened to do, or refrain from doing, an act against his or her will.

The malice required by the statute does not contemplate a feeling of ill will towards the person threatened, but is satisfied by the wilful doing of an act with an illegal intent. *People v Whittemore,* 102 Mich 519; 61 NW 13 (1894).

In the present case the note was obtained against the victim's will. It gave the defendant no apparent pecuniary advantage, nor did the note seem to have any rationale or importance. It

seemed to have been obtained merely to satisfy some unexplained whimsy on the part of the defendant.

On the other hand, the inclusion of the extortion count doubled the penalty which could be imposed.

The defendant raises the objection of double jeopardy in that evidence supporting both the assault and the extortion emanated from the same transaction.

In *People v Carter,* 415 Mich 558; 330 NW2d 314 (1982), the Supreme Court explained the application of the *Blockburger*[1] rule by stating that if one offense is a lesser included offense of the other, it is the same offense and cannot be additionally punished.

Assault with intent to do great bodily harm less than murder is certainly a different crime than extortion. They share no common elements. There was, accordingly, no double jeopardy question in connection with this conviction.

The difficulty that we find with the defendant's extortion conviction is that the act required of the victim was minor with no serious consequences to the victim. The note the victim was forced to write was erratic, quixotic and was not used to the victim's detriment or defendant's advantage.

The Legislature did not intend punishment for every minor threat. There is a paucity of law on the subject. 86 CJS, Threats and Unlawful Communications, § 4, p 795, cites an old Tennessee case, *People v Morgan,* 50 Tenn 262 (1871), as authority for this point. That case, in spite of its vintage, is well reasoned. In construing the statute then in existence, the court said:

"The section of the Code under which this indictment

---

[1] *Blockburger v United States,* 284 US 299; 52 S Ct 180; 76 L Ed 306 (1932).

is drawn, is 4633: 'If any person, either verbally or by written or printed communication, maliciously threaten to accuse another of a crime or offense, or to do any injury to the person or property of another, with intent thereby to extort any money, property or pecuniary advantage whatever, or to compel the person so threatened to do any act against his will, he shall, on conviction, be punished by imprisonment in the penitentiary, not less than two, nor more than five years.' " 50 Tenn 264.

The Court then went on to say:

"The statute is a highly penal one, and we deem it proper to say, was not intended to apply to every idle threat, but such as are evidence of serious purpose to do the injury threatened, and that, some serious injury, such as is alleged in this indictment. Nor would it apply to a threat to compel a man to do any minor act, of no great injury, or serious importance; but only such serious threats of injury as should be used to compel a party to do some act materially and seriously affecting his interest—as is shown by the enumerated cases—to extort money, property or pecuniary advantage." 50 Tenn 265.

In 1961 in the case of *Furlotte v State,* 209 Tenn 122; 350 SW2d 72 (1961), the court recognized *People v Morgan, supra,* but distinguished it in a case where the victim was held at gunpoint by the defendant and forced to sign a statement acknowledging an affair with the defendant's wife.

It is noted that Michigan cases brought under the "against his will" section of the extortion statutes have been for serious demands. *People v Whittemore,* 102 Mich 519; 61 NW 13 (1894) (to require execution of a deed), *People v Garcia,* 81 Mich App 260; 265 NW2d 115 (1978) (to persuade a witness to testify untruthfully), *People v Jones,* 75 Mich App 261; 254 NW2d 863 (1977) (to dissuade a

victim from reporting defendant's sexual misconduct), *People v Atcher,* 65 Mich App 734; 238 NW2d 389 (1975) (to dissuade a witness from testifying).

We conclude that the demand by the defendant that the victim execute a useless note was not an offense such as was contemplated by the extortion statute as no pecuniary advantage was obtained nor was the act demanded of such consequence or seriousness as to apply that statute. The principal purpose of the addition of this count was sentence enhancement.

The conviction and sentence for assault with intent to do great bodily harm less than murder is affirmed. The conviction and sentence for extortion is reversed.