661 N.W.2d 561 (2003)
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
Scott Edward MIHELSIC, Defendant-Appellee.
Docket No. 121686, COA No. 225567.
Supreme Court of Michigan.
May 28, 2003.
On order of the Court, the motion for immediate consideration is DENIED. The application for leave to appeal the May 17, 2002 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court. The motion for release on personal recognizance bond is DENIED as moot.
CORRIGAN, C.J., dissents and states as follows:
Defendant was convicted of extortion, M.C.L. § 750.213, for threatening to harm the complainant unless she immediately returned his blue jeans, which she had taken one month earlier. The Court of Appeals reversed the conviction after concluding that the act required of the complainant, taking off and returning the jeans, was a "minor and inconsequential act ... not of sufficient serious consequences" to justify finding defendant guilty of extortion.[1] I would grant leave to appeal to consider whether the Court of Appeals has engrafted onto the extortion statute an element that has no basis in the plain statutory language.
Resolution of this case requires examination of the criminal statute underlying defendant's conviction. Statutory construction is a question of law, which this Court reviews de novo. People v. Carlson, 466 Mich. 130, 136, 644 N.W.2d 704 (2002).
The exact wording of the statute follows:
Any person who shall, either orally or by a written or printed communication, maliciously threaten to accuse another of any crime or offense, or shall orally or by any written or printed communication maliciously threaten any injury to the person or property or mother, father, husband, wife or child of another with intent thereby to extort money or any pecuniary advantage whatever, or with intent to compel the person so threatened to do or refrain from doing any act against his will, shall be guilty of a felony, punishable by imprisonment in the state prison not more than twenty years or by a fine of not more than ten thousand dollars. [MCL 750.213.]
When engaging in statutory construction, we first attempt to discern the Legislature's intent from the words expressed in the statute. "An anchoring principle of jurisprudence, and the foremost rule of statutory construction, is that courts are to effect the intent of the Legislature." People v. Wager, 460 Mich. 118, 123 n. 7, 594 N.W.2d 487 (1999). To do so, we begin with an examination of the language of the statute. If the statute's language is clear and unambiguous, we assume that the Legislature intended its plain meaning and the statute is enforced as written. Wickens v. Oakwood Healthcare Sys., 465 Mich. 53, 60, 631 N.W.2d 686 (2001). A necessary corollary of these principles is that a court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself. Omne *562 Financial, Inc. v. Shacks, Inc., 460 Mich. 305, 311, 596 N.W.2d 591 (1999).
This appeal centers on the Court of Appeals decision in People v. Fobb, 145 Mich.App. 786, 378 N.W.2d 600 (1985), which held that the Legislature did not intend for the extortion statute to proscribe threats demanding minor things without serious consequences to the victim. This assertion in Fobb has no basis in the plain language of M.C.L. § 750.213.
The statutory language makes it a crime to maliciously threaten harm to another with intent to compel the person to do an act against his will. The statute does not contain the requirement that the compelled act be "serious." The Legislature could have included such a limitation, but did not. Because the Fobb Court improperly read a nonexisting element into the extortion statute, Fobb was wrongly decided.
Defendant here threatened to kill the victim if she did not return his blue jeans. Using those threats of harm, he forced the victim to take off the jeans and return them. This conduct falls within the unambiguous language of the extortion statute: defendant maliciously threatened the victim and compelled her to do an act against her will. The jury did not err in finding that defendant was guilty of extortion, and the Court of Appeals erred when it reversed defendant's conviction.
WEAVER, J., dissents and states as follows:
I would grant leave to appeal for the reasons stated in the dissenting statement of Corrigan, C.J.
YOUNG, Jr., J., joins in the dissenting statement of CORRIGAN, C.J.
NOTES
[1] Unpublished opinion per curiam, issued May 17, 2002, 2002 WL 1011590 (Docket No. 225567).